FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 31 2019 ★

LONG ISLAND OFFICE

So Ordered as Modified

/s/ STEVEN I. LOCKE

Steven I. Locke, USMJ

The Clerk of the Court is directed to close the case. 1/31/19

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement") is entered into by and between Caleb Wesley Burch, Kenton Kirpon, and Vicente Herrera (collectively, "Plaintiffs") on the one hand, and V.K. Mechanical, XL Plumbing of New York, Inc., XL Plumbing, Inc., Xcel Plumbing of New York, Inc., Xcel Plumbing & Heating of New York, Inc., Xcel Mechanical Incorporated, Apple Plumbing, Inc., Gillman Mechanical Corp., and William Johnston, III, (collectively, "Defendants") on the other.

### RECITALS

WHEREAS, Plaintiffs filed the action *Burch et al. v. V.K. Mechanical et al*, 16-CV-3700 (the "Litigation") in the U.S. District Court for the Eastern District of New York asserting certain claims under the Fair Labor Standards Act and New York Labor Law; and

WHEREAS, Defendants do not admit wrongdoing related to the claims asserted in the Litigation; and

WHEREAS, the Plaintiffs and the Defendants (collectively, the "parties") now desire to compromise and settle all claims or potential claims between them relating in any way to Plaintiffs' work for Defendants, including the claims in the Litigation;

NOW THEREFORE, in consideration of the foregoing Recitals and the terms and conditions set forth herein, the parties hereto agree as follows:

## Payment

1. As set forth in paragraph (2) below, Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement of Plaintiffs' claims or potential claims against Defendants, the total sum of $44,000 (the "settlement funds").

2. The settlement funds shall be paid on or before September 24, 2018 by four checks as follows: one check in the amount of $9,000 payable to Caleb Wesley Burch, one check in the amount of $7,000 payable to Kenton Kirpon, one check in the amount of $7,000 payable to Vicente Herrera, and one check in the amount of $21,000 payable to Kakalec Law PLLC.

3. All settlement funds shall be delivered to Kakalec Law PLLC at 85 Broad Street, 16th Floor, New York, NY 10004. Settlement check shall be an attorney's escrow check.

4. If this Agreement has not been approved by the Court by the date the settlement funds are received by Plaintiff's counsel, Plaintiff's counsel will hold the settlement funds in escrow until such time as the Agreement is approved.

## Mutual Releases

5. As a material inducement to Defendants to enter into this Agreement, Plaintiffs, on behalf of themselves, their heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators ("Releasors"), hereby irrevocably and unconditionally release acquit, and forever discharge Defendants and their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, business managers, accountants, attorneys, heirs,

agents, executors, and administrators, in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all w/jo dhar charges, complaints, claims, ~~liabilities, obligations, suits, demands, rights, liens, costs, losses, debts, expenses,~~ agreements, contracts, covenants, actions, suits, causes of action, judgments, and orders of whatever kind or nature in law, equity, or otherwise, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, and calculated equitable relief, attorneys' fees, and costs actually incurred, ~~of any nature whatsoever known or unknown, suspected or unsuspected, concealed or hidden,~~ that Releasors had, now have, or in the future may or could have against Releasees up to the Effective Date of this Agreement, including, ~~but not limited to any claim, whether brought on an individual basis or as part of a class, collective, or representative action,~~ under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; ~~the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq; the Older Worker Benefits Protection Act of 1990; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k);~~ the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991); 42 U.S.C. § 1981; 42 U.S.C. § 1983; the National Labor Relations Act, 29 U.S.C. § 151 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); ~~the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.;~~ the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; ~~The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.;~~ the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.; the New York City Human Rights Law, New York City Charter and

3

~~Administrative Code; Title VIII, § 8-107~~ et seq.; the New York ~~Civil Rights Law, N.Y.~~ ~~Civil Rights Law § 79-e~~ et seq.; New York Labor Law, § 1 et seq.; (to the extent of Plaintiffs' claims of unpaid overtime, failure to provide wage notices, retaliation, and unlawful withholding of wages); ~~any other federal, state, and local equal employment, fair employment, or civil or human rights law (whether statutory, regulatory, or decisional); the statutory, regulatory, or common law of any jurisdiction, including, but not limited to, any and all tort claims (e.g., assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society), any and all contract claims (e.g., breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all applicable federal, state and local laws, administrative rules or regulations, including any and all claims already asserted and unasserted and related to Plaintiffs' employment with Defendants (or their relationship with any other Releasee) and the cessation thereof.~~ [initialed: JZ]

6. Plaintiffs agree not to pursue any and all claims that were or could have been brought against the Defendants that have been voluntarily dismissed from this action by Plaintiffs.

7. Defendants, to the fullest extent permitted by law, forever waive, release and discharge, and covenant not to sue, any of the Plaintiffs and their successors, assigns, representatives, fiduciaries, attorneys, and estates from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements of any nature, known or unknown to Defendants, that Defendants may have, ever have had or hereafter may have, from the

4

beginning of the world through the Effective Date, including, but not limited to, claims based on or arising out of the employment of any of the Plaintiffs by Defendants (or any other Releasee) or the cessation thereof, all claims or causes of action that Defendants may have with respect to breach of contract, implied or express; impairment of economic opportunity; intentional or negligent infliction of emotional distress; false arrest; assault; battery; false imprisonment; invasion of privacy; prima facie tort; defamation; libel; slander; negligent termination; malicious prosecution; the Complaint; Amended Complaint or any other tort, whether intentional or negligent; or any claim or cause of action known or unknown. This Agreement covers claims of which Defendants currently may or may not have knowledge, but does not apply to Plaintiffs' obligations pursuant to this Agreement.

8. Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date of this Agreement; (iii) claims that cannot be waived as a matter of law. Nothing contained in this Release shall restrict the Plaintiffs' right to participate in an investigation, hearing, or proceeding before the EEOC or similar state agencies such as the New York State Division of Human Rights, except that they agree that they will not accept any further recovery, award, and/or damages from the Defendants as a result of any such investigation, hearing, or proceeding.

9. If any legal action or proceeding, whether individual or class action, is instituted in court or in a federal, state, or local administrative agency (collectively referred to as "Proceeding"), Plaintiffs waive all compensation, monetary relief or any other individual remedy available to them under any of the claims and/or causes of action waived herein.

5

10. This Agreement does not release any rights or claims that arise after the date of execution of this Agreement, including any claim for breach of this Agreement.

### Confidentiality

11. Notwithstanding the terms of paragraphs 12 through 16 of this Agreement (the "confidentiality section"), the Parties understand and agree that nothing in this Agreement should be construed so as to prohibit any Party from disclosing the existence of this Agreement to a court in connection with a response to a valid subpoena or court order.

12. In addition, nothing in the confidentiality section of this Agreement shall prohibit the Parties from speaking truthfully about their claims and/or defenses under the Fair Labor Standards Act or New York Labor Law, or the resolution of the causes of action in the Complaints. Further, nothing in the confidentiality section shall prevent the Parties from filing the executed Agreement with the Court for approval, or the Court from publishing the details of the resolution of those claims.

13. The Parties agree that, except as provided in this confidentiality section, the terms and conditions of this Agreement, all discussions and settlement negotiations leading thereto, and all documents exchanged in connection with this Agreement, including any of Plaintiffs' personal and tax information (the "Confidential Information"), shall be deemed confidential and shall be retained in confidence by the Parties, to the extent allowed by law and the Court. However, any Party: (i) if compelled by subpoena, court order, or otherwise required by law, may disclose such Confidential Information or (ii) in connection with the enforcement of this Agreement, may disclose such Confidential Information, provided, however, that such disclosure be limited to that minimum portion

6

of the Confidential Information that is necessary to comply with Article 2(c)(i) or 2(c)(ii) of this Agreement.

14. The Parties may also disclose the Confidential Information to their immediate family members (defined to mean spouses, adult children, and parents), their financial and tax advisors, and/or their legal counsel, provided that the Parties inform those to whom the Parties so disclose of the confidentiality obligations under this Agreement.

15. Except to the extent required or compelled by law, legal process, or subpoena, or as provided in this confidentiality section, the Parties shall not publish, publicize, disclose, disseminate, or cause to be published, publicized, disclosed, or disseminated in any manner, to any person (including without limitation, any present, former or future employee, agent, and/or representative of any media or social media outlet) any information concerning any claims arising out of or relating to Plaintiffs' employment with Defendants; the facts or circumstances underlying the claims or allegations set forth by Plaintiffs in the Complaint or Amended Complaint; the existence, contents, and execution of this Agreement; and the discussions and circumstances that preceded this Agreement, including, without limitation, the economic terms of this Agreement. In the event that the Parties are asked about the matter that led to this Agreement, the Parties shall respond only as follows: "The matter has been resolved."

### Judicial Review and Dismissal of the Litigation

16. This Agreement is contingent upon and requires Court approval. Therefore, within seven (7) days of the date this Agreement is fully executed, the parties shall submit this Agreement to the Court for judicial review and approval.

17. Within five (5) days of the Court's approval of the parties' Agreement, provided that the settlement funds described in paragraph 2 above have been received by Plaintiffs' counsel, Plaintiffs' counsel shall file a stipulation of dismissal with prejudice with the Court, dismissing the Litigation. If the settlement funds described in paragraph 2 have not yet been received by Plaintiffs' counsel by the date the Court approves the parties' Agreement, Plaintiffs' counsel shall file the stipulation of dismissal with prejudice within five days of receipt of the settlement funds.

18. In the event that additional documentation is needed to terminate the Litigation, the parties shall use their best efforts to draft and provide to the Court such documentation.

## Other

19. *Acknowledgement*: All parties acknowledge that they have been fully and fairly represented by counsel in this matter.

20. *Binding on Successors*. This Agreement and the covenants and conditions contained herein shall apply to, and be binding upon or inure to the administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns of the parties hereto.

21. *Construction*. This Agreement shall not be construed against the party preparing it, but shall be construed as if the parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party. This Agreement is to be interpreted, enforced and governed by and under the laws of the State of New York, without giving effect to the conflict-of-laws, rules and principles thereof.

22. *Modification.* This Agreement shall not be modified by either party by oral representation made before or after the execution of this Agreement. All modifications must be in writing and signed by the party to be charged therewith.

23. *Counterparts.* This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date. Photocopies or facsimile copies of executed copies of this Agreement may be treated as originals.

24. *Severability.* The parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law. In all other respects, the Parties agree that the other provisions of this Agreement shall continue and remain in full force and effect.

25. Nothing in this Agreement shall operate to prevent either party from enforcing their rights under this Agreement. The prevailing party in any enforcement proceeding shall be entitled to reasonable attorneys' fees and costs.

26. *Entire Agreement.* This Agreement contains the entire understanding and agreement between the parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties hereto. The parties hereto

acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

AGREED TO BY:

_____          9/26/2018
CALEB WESLEY BURCH                        Date

Subscribed and sworn before me this

26th day of September, 2018

_____
Notary Public
Patricia Kakalec

PATRICIA COYLE KAKALEC
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6344701
Qualified in Kings County
My Commission Expires 07-11-2020

_____          _____
KENTON KIRPON                             Date

Subscribed and sworn before me this

____ day of _____

_____
Notary Public

10

_____   _____
VICENTE HERRERA                Date

Subscribed and sworn before me this

____ day of _____


_____
Notary Public

_____


_____   _____
V.K. MECHANICAL                Date

By:   William Johnston, III

Title:

Subscribed and sworn before me this

____ day of _____


_____
Notary Public

_____
XL PLUMBING OF NEW YORK, INC.   10-12-18
                                Date
By:   William Johnston, III

Title:

Subscribed and sworn before me this

11TH day of October 2018

_Nina Smolinski_
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 20 21

11

_____          10-12-18
XL PLUMBING, INC.                          Date

By:   William Johnston, III

Title:

Subscribed and sworn before me this

12TH day of October 2018

Nina Smolinski
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 2021

_____          10-12-18
XCEL PLUMBING OF NEW YORK, INC.            Date

By:   William Johnston, III

Title:

Subscribed and sworn before me this

12TH day of October 2018

Nina Smolinski
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 2021

_____          10-12-18
XCEL PLUMBING & HEATING OF                 Date
NEW YORK, INC.

By:   William Johnston, III

Title:

Subscribed and sworn before me this

12TH day of October 2018

12

_____
Nina Smolinski
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 20 2̶1̶ 2

_____
XCEL MECHANICAL INCORPORATED

By: William Johnston, III

Title: _____

Date: 10-12-18

Subscribed and sworn before me this

12TH day of October 2018

_____
Nina Smolinski
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 20 21

_____
APPLE PLUMBING, INC.

By: William Johnston, III

Title: _____

Date: _____

Subscribed and sworn before me this

____ day of _____

_____
Notary Public

_____
GILLMAN MECHANICAL CORP.

By: Roman Gavrylak

Title: _____

Date: 10-12-18

Subscribed and sworn before me this

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 20 21

13

12TH day of October 2018

_Nina Smolinski_
Notary Public

_[signature]_
WILLIAM JOHNSTON, III

10-12-18
Date

Subscribed and sworn before me this

12TH day of October 2018

_Nina Smolinski_
Notary Public

NINA SMOLINSKI
Notary Public- State of New York
No. 01SM6290985
Qualified in Suffolk County
My Commission Expires October 15, 20 21

14